IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ALEUT CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> DUNLAP TOWING COMPANY, <br><br> Defendant. | Case No. 3:20-cv-00069-SLG <br><br> IN ADMIRALTY |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER having come before the Court upon Plaintiff The Aleut Corporation's Motion to Compel Production of Documents in Response to Subpoena on Delphi Maritime LLC (Docket 20), Dunlap Towing Company's Opposition to the Motion to Compel (Docket 22), and Plaintiff's Reply (Docket 24), and the Court having been fully advised of the issues presented, the Court denies the motion to compel for the reasons set forth herein.

This case arises from a dock allision that occurred on March 18, 2018. Shortly after the allision, Defendant retained Delphi Maritime, a third party marine surveyor, to prepare a field survey report assessing the damage. In 2019, Defendant voluntarily gave a copy of the field survey report to Plaintiff upon Plaintiff's request. It appears that experts for each side have relied on the Delphi field survey report in their damages assessments. In 2021, Plaintiff sought to depose the Delphi surveyor, Jeffrey Slesinger. Plaintiff first subpoenaed all of Mr.

Slesinger's records. Delphi produced all of its records except for an early 2020 e-mail sent from a Dunlap representative to its insurance broker on which Mr. Slesinger had been copied. That e-mail is the subject of the instant motion to compel.

Prior to the deposition of Mr. Slesinger, the parties discussed by e-mail the conditions for the deposition. Defendant identified Mr. Slesinger as a "non testifying expert" with respect to his 2018 field survey report, indicating that Mr. Slesinger "did not view the dock or its damage."[1] As such, Defendant sought confirmation that Plaintiff would "pay for Mr. Slesinger's time during the deposition as provided in CR 26[(b)(4)]E." Plaintiff confirmed this, and the deposition proceeded for approximately four hours; it appears that deposition focused on the basis for Mr. Slesinger's opinions set out in the 2018 field survey report.

The Court finds that the 2018 field survey report was prepared in anticipation of litigation. The fact that Mr. Slesinger has not been retained by Delphi for additional work after this case commenced in 2020 does not alter the fact that he provided expert opinions about relevant facts in 2018 in anticipation of this litigation.[2] As such, Mr. Slesinger is a non-testifying expert. And while Plaintiff

---

[1] Docket 21-7 at 1.

[2] At his deposition, Mr. Slesinger testified that he had not been retained as "any sort of expert in this case." Docket 21-9 at 3. This case did not yet exist in 2018. Clearly, Mr. Slesinger had been retained as an expert surveyor in 2018 and has provided his expert opinions to both parties that he formulated at that time.

Case No. 3:20-cv-00069-SLG, *Aleut Corp. v. Dunlap Towing Co.*
Order Re Motion to Compel
Page 2 of 4
Case 3:20-cv-00069-SLG   Document 27   Filed 07/26/21   Page 2 of 4

may have made a case for a substantial need for the field survey report itself had Defendant not voluntarily provided it to Plaintiff,[3] the e-mail is protected work product and need not be produced. The Court disagrees with Plaintiff's assertion that by producing the field survey report, Defendant waived the non-testifying expert privilege for all documents in Mr. Slesinger's possession. "While a party cannot shield the material which it has already disclosed or on which its witnesses rely, where the disclosure is limited, the waiver applies only to the matters disclosed or relied upon."[4] In short, "[u]ndisclosed work product remains protected."[5]

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel at Docket 20 is DENIED.

IT IS FURTHER ORDERED that Plaintiff The Aleut Corporation compensate Jeffrey Slesinger for his time during the June 9, 2021 deposition at his hourly rate of $250 per hour pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i).

IT IS FURTHER ORDERED that Defendant is entitled to reimbursement from Plaintiff of 50% of the cost incurred in developing the field survey report on which its expert relies pursuant to Rule 26(b)(4)(E)(ii), as the Court finds that that

---

[3] *See* Civil Rule 26(b)(4)(d)(ii).

[4] *See Murray v. S. Route Mar., S.A.*, Case No. C12-1854RSL, 2014 WL 1671581, at 2 (W.D. Wash. Apr. 28, 2014).

[5] *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1026 (9th Cir. 2012).

Case No. 3:20-cv-00069-SLG, *Aleut Corp. v. Dunlap Towing Co.*
Order Re Motion to Compel
Page 3 of 4
Case 3:20-cv-00069-SLG   Document 27   Filed 07/26/21   Page 3 of 4

constitutes "a fair portion of the fees and expenses [Defendant] reasonably incurred in obtaining the expert's facts and opinions" and then sharing them with Plaintiff.

DATED this 26th day of July, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE